UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LIQUID RESOURCES OF OHIO, LLC, | ) | |
| | ) | Case No. 1:06-CV-01204 |
| Plaintiff, | ) | |
| | ) | Judge Ann Aldrich |
| v. | ) | |
| | ) | |
| LEXXUS ENVIRONMENTAL, LTD., | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before this court is defendant Lexxus Environmental, Ltd.'s ("Lexxus") motion to dismiss for lack of personal jurisdiction and/or improper venue [Docket No. 4]. For the following reasons, the court denies Lexxus' motion and denies plaintiff's motion for leave to file sur-reply [Docket No. 13] as moot.

Plaintiff Liquid Resources of Ohio, LLC ("LRO") originally filed this action in the Medina County Court of Common Pleas in April 2006, but Lexxus removed the action to this court in May 2006 relying on this court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties in this case are completely diverse – LRO is an Ohio limited liability corporation with its principal place of business in Ohio, and Lexxus is a Texas limited partnership with its principal place of business in Texas. The parties also do not appear to dispute that more than $75,000 is in controversy in this case. However, Lexxus does challenge whether this court may properly exercise personal jurisdiction, and alternatively, whether venue in this court is proper.

LRO is a waste disposal company located in Medina, Ohio. Lexxus is a waste management consulting company, which entered into an arrangement with LRO that would allow a number of Lexxus' clients (including PepsiCo, Inc. ("PepsiCo") and some of its subsidiaries/affiliates) to send

waste to LRO for disposal, following a visit to LRO by Lexxus personnel. LRO had already been disposing of waste for one of PepsiCo's affiliates, and began doing so for a PepsiCo subsidiary - The Quaker Oats Company ("Quaker") – under the contract with Lexxus. Shipments to LRO containing waste from Quaker allegedly did not contain the required documentation specifying their composition, which led to disposal costing drastically more than the price originally quoted by LRO to Lexxus. LRO also alleges that Lexxus interfered with its relationships with PepsiCo affiliates, causing at least one affiliate to cease doing business with LRO.

This Court first looks to Ohio law to determine whether personal jurisdiction exists. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) (citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1298 (6th Cir.1989)). In the absence of an evidentiary hearing, this Court must view the pleadings and affidavits in the light most favorable to LRO and not consider the controverting assertions of Lexxus. *Id.* (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir.1998)). LRO needs only a *prima facie* showing of personal jurisdiction. *Id.*

Under Ohio law:

> When determining whether a . . . court has personal jurisdiction over a foreign corporation the court is obligated to engage in a two-step analysis. First, the court must determine whether the state's 'long-arm' statute . . . confer[s] personal jurisdiction, and, if so, whether granting jurisdiction under the statute . . . would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution.

*U.S. Sprint Commc'n Co. v. Mr. K's Foods, Inc.*, 68 Ohio St. 3d 181, 183-84, 624 N.E.2d 1048, 1051 (1994). Ohio law allows courts to exercise personal jurisdiction for persons who "[t]ransact[] any business in [Ohio]" or "[c]aus[e] tortious injury in [Ohio] to any person by an act outside [Ohio] committed with the purpose of injuring persons, when he might reasonably have expected that some

person would be injured thereby in [Ohio]." OHIO REV. CODE §§ 2307.382(A)(1), (6).

If LRO makes that showing, it must still demonstrate that this court's exercise of personal jurisdiction would not deprive Lexxus of due process rights pursuant to the due process clause of the Fourteenth Amendment. *U.S. Sprint*, 68 Ohio St. 3d at 184, 624 N.E.2d at 1051. To determine whether there would be a due process violation, the Sixth Circuit uses a three part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Calphalon Corp.*, 228 F.3d at 721 (quoting *Southern Machine Co. v. Mohasco Indus.*, 401 F.2d 374, 381 (6th Cir.1968)).

Ohio courts have interpreted Section 2307.382(A)(1) broadly, holding that it includes negotiations and "dealings" in addition to actual contractual relations. *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75, 559 N.E.2d 477, 480 (1990). In this case, Lexxus negotiated with an Ohio corporation, visited Ohio to inspect its facilities, entered into a contract with an Ohio corporation, made regular communications to the Ohio corporation advising it of incoming shipments of waste under the contract, and directed shipments of said waste to come to Ohio to be disposed of by the Ohio corporation. Such actions constitute "transacting . . . business in this state." OHIO REV. CODE §§ 2307.382(A)(1); *Kentucky Oaks Mall Co.*, 53 Ohio St.3d at 75, 559 N.E.2d at 480.

As far as Section 2307.382(A)(6) is concerned, LRO does make out a claim for intentional tort liability in accusing Lexxus of intentionally interfering with its business relations. Even if Lexxus' actions were not taken in the state of Ohio, under the allegations made by LRO, Lexxus "might

-3-

reasonably have expected that [LRO] would be injured thereby in this state." OHIO REV. CODE §§ 2307.382(A)(6). As a result, the court must examine whether exercising jurisdiction would violate the due process clause.

As noted above, the Sixth Circuit uses a three-part test to determine whether the exercise of jurisdiction violates due process. First, the Court must determine whether Lexxus "purposefully availed" itself of the privilege of acting in or causing a consequence in Ohio. *Calphalon Corp.*, 228 F.3d at 721 (citing *Southern Machine Co.*, 401 F.2d at 381). Second, LRO's claims must "arise from" Lexxus' activities. *Id.* Third, Lexxus' acts or the consequences of those acts must have a "substantial enough connection" with Ohio to make the exercise of jurisdiction "reasonable." *Id.*

The "purposeful availment" prong is satisfied if Lexxus' contacts with Ohio resulted from actions taken by Lexxus that create a "substantial connection" to Ohio, so that Lexxus' "should reasonably anticipate being haled into court there." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 478 (6th Cir. 2003) (quoting *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1263 (6th Cir.1996) (quoting *Burger King Corp. v. Rudewicz*, 471 U.S. 462, 474-75 (1985))). In other words, Lexxus may not be brought into this court by the "unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475 (citation omitted). Without "some overt actions connecting the defendant with the forum state," there is no "purposeful availment." *Dean*, 134 F.3d at 1274.

In this case, LRO's allegations against Lexxus are sufficient to meet the "purposeful availment" prong. Lexxus is not being brought into this court based on the "unilateral activity of another party or a third person." *Burger King*, 471 U.S. at 475. Instead, it is being brought into this court on the basis of its own actions in negotiating with, visiting, entering into a contract with, and executing a course of dealing under that contract with LRO in the state of Ohio. Lexxus did not have to choose a corporation in Ohio with which to deal, and it did not have to direct its clients to send their waste to Ohio for

-4-

disposal at LRO; Lexxus made that affirmative choice. On LRO's tort claims, Lexxus' alleged actions were targeted at LRO's business in Ohio. Therefore, Lexxus has purposefully availed itself of the privilege of acting in or causing a consequence in Ohio.

LRO's claims in this case occur because of Lexxus' alleged actions, both in breaching the contract and in targeting LRO's business. As such, LRO's claims "arise from" Lexxus' alleged acts. Finally, when the first two factors are met, there is a presumption that exercise of personal jurisdiction would be reasonable. *Third Nat'l Bank v. WEDGE Group Inc.*, 882 F.2d 1087, 1092 (6th Cir.1989). Consequently, this court finds that the exercise of personal jurisdiction over Lexxus for LRO's claims does not violate due process.

Finally, because a substantial portion of the events governing the contract occurred in Ohio, including the performance of the contract, and because all of the damage from Lexxus' alleged torts occurred in Ohio, the court finds that "a substantial part of the events or omissions giving rise to the claim occurred" in this district, so that venue is properly placed. 28 U.S.C. §1391(a)(2). In other words, the same facts supporting the exercise of personal jurisdiction support the placement of venue in this district.

For the foregoing reasons, the court denies Lexxus' motion to dismiss [Docket No. 4]. A case management conference for this matter, to be attended by counsel for the parties, shall be held at 10:30 a.m. on February 23, 2007 at the Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Suite 17B, Cleveland, Ohio 44113. The court also denies LRO's motion for leave to file sur-reply [Docket No. 13] as moot.

IT IS SO ORDERED.

/s/Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: February 2, 2007**