UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LIQUID RESOURCES OF OHIO, LLC, ) | |
| ) | Case No. 1:06-CV-01204 |
| Plaintiff, ) | |
| ) | Judge Ann Aldrich |
| v. ) | |
| ) | |
| LEXXUS ENVIRONMENTAL, LTD., ) | |
| ) | MEMORANDUM AND ORDER |
| Defendant. ) | |
| ) | |

Before this court is plaintiff Liquid Resources of Ohio, LLC's ("LRO") motion to stay this action [Docket No. 24]. For the following reasons, the court denies LRO's motion to stay.

LRO has moved for a stay of this litigation based on two "target letters" sent by the United States Attorney's Office for the Northern District of Ohio to the Chief Executive Officer and Chief Operating Officer of LRO, indicating that both individuals were under criminal investigation for their actions while they were working for LRO. Pursuant to the court's August 10, 2007 order [Docket No. 28], LRO produced those letters for *in camera* review. Defendant Lexxus Environmental, Ltd. ("Lexxus") opposes LRO's motion to stay, arguing that it is simply a delaying tactic to justify LRO's failure to produce three individuals for deposition. LRO has not itself received a target letter, and is not under investigation at this time.

The Constitution "does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Sec. & Exch. Comm'n v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (citations omitted). Instead, the court must consider "the particular circumstances of the case" in determining whether a stay is necessary. *Id.* The strongest case for a stay is where a party involved

in both cases is under indictment, where the Fifth Amendment privilege against self-incrimination is implicated, and where the Government is the plaintiff in both cases. *Id.* at 1375-76. However, there is no indictment in this case, and LRO is not the party facing criminal investigation. Even if it were, as a corporation, LRO "has no Fifth Amendment privilege." *Braswell v. United States*, 487 U.S. 99, 105 (1988). Without an indictment, direct implication of Fifth Amendment privilege as a result of discovery in this case, or the Government's presence as a party in this matter, the case for a stay is extremely weak.

Aside from those factors, the court must consider five other factors in weighing whether a stay should be granted: "(1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation." *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902-03 (9th Cir. 1989) (citations omitted). Here, it is the plaintiff LRO who seeks delay, which subjects defendant Lexxus to the types of prejudice from delay that counsel against granting a stay. The court's convenience and efficient use of its resources are not served by a stay, and LRO has not indicated how or why the interests of non-parties or the public would be served by a stay. Finally, the court must point out that the two individuals who received target letters have "no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995) (citation omitted). As the Ninth Circuit held in *Keating*, "[n]ot only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact

to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." The burden on LRO is therefore no more than is explicitly permitted by law, and does not by itself require a stay of this case.

In other words, the scope of those two individuals' Fifth Amendment privilege does not allow them to refuse to appear for deposition; it allows them only to assert that privilege in refusing to answer specific questions. More to the point, LRO is required to "'appoint an agent who could, without fear of self-incrimination, furnish such requested information as was available to the corporation.'" *United States v. Kordel*, 397 U.S. 1, 8 (1970) (citations omitted). LRO cannot "simply . . . point[] to an agent about to invoke his constitutional privilege," because "[s]uch a result would effectively permit the corporation to assert on its own behalf the personal privilege of its individual agents" and "'thus secure for the corporation the benefits of a privilege it does not have.'" *Id.* The burden on LRO is therefore minimal, because it not only may appoint individuals to answer Lexxus's questions, it must appoint individuals who may do so without assertion of their Fifth Amendment privileges.

The court has the discretion to stay these proceedings, postpone discovery or impose protective orders or conditions "when the interests of justice seem[] to require such action." *Id.* at 12 n.27. In this case, the interests of justice do not require a stay of this case or of discovery. They do not even require special protective orders or conditions. The Fifth Amendment privileges of the individuals under investigation will not be infringed if they are required to appear for deposition; they must simply assert their Fifth Amendment privilege, for the record, where specific questions would require incriminating answers. LRO, meanwhile, is required to appoint at least one individual who may freely answer

Lexxus's questions and provide other discovery. LRO's motion for a stay [Docket No. 24] is denied, and LRO is ordered to produce the individuals Lexxus has noticed for deposition within thirty (30) calendar days of the issuance of this order.

      IT IS SO ORDERED.

                                  /s/Ann Aldrich
                                ANN ALDRICH
                                UNITED STATES DISTRICT JUDGE

**Dated: October 11, 2007**