**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| LIQUID RESOURCES OF OHIO, | ) | CASE NO: 1:06-cv-01204 |
| | ) | |
| Plaintiff, | ) | JUDGE ANN ALDRICH |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| LEXXUS ENVIRONMENTAL, LTD. | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |

This matter is before the undersigned Magistrate Judge on referral from the District Court Judge to hold a damages hearing on a default judgment previously entered by the District Judge in favor of defendant/counter-claimant Lexxus Environmental, Ltd. ("Lexxus"). (Docs. # 64 and #65). The Court held a hearing on April 14, 2010, at which Lexxus informed the Court that it was seeking damages for lost profits and lost business opportunities, attorney fees, and prejudgment interest based upon plaintiff's breach of contract. Defendant further informed the Court that it did not wish to pursue its Third Party Complaint against Veolia ES Technical Solutions LLC, which was filed on June 3, 2009, but never served. (Doc. #58).

Through the testimony of Daniel Joosten, president of Lexxus, Lexxus established that plaintiff's breach of contract resulted in lost income to Lexxus in the amount of $3,233,828.00 from January 1, 2006 through December 31, 2009 and $75,994.00 from January 1, 2010 through April 30, 2010, for a total of $3,309,822.00 in lost income. Joosten testified that Lexxus's profit margin on the lost income was 28 percent. Accordingly, Lexxus established lost profits from January 1, 2006 through April 30, 2010 in the amount of $926,750.00.

Lexxus's attorney, Sesha Kalapatapu, presented evidence, affirmed under

penalty of perjury, that Lexxus had incurred $43,390.00 in attorneys' fees and expenses.  The Court finds that these legal fees and expenses are reasonable and necessary and recoverable under the terms of the parties contract, as well as the applicable law, to wit: Section 38.001 of the Texas Civil Practice and Remedies Code.[1]

As the defendant requested prejudgment interest at the hearing, but presented no law in support, nor evidence as to the amount, the Court ordered defendant to file a memorandum in support of its claim for prejudgment interest.  The Court specifically directed defendant to include therein the specific calculations and the amount of prejudgment interest to which it claimed to be entitled.  Defendant timely submitted its memorandum in support of its claim for prejudgment interest; however defendant did not establish, nor even argue, that the Court should exercise its equitable power to award prejudgment interest on a nonliquidated contract claim.[2]  Moreover, defendant did not include the amount of prejudgment claimed nor any analysis thereof.  Accordingly, the Court has no basis to award prejudgment interest in this case.

---

[1] Texas law applies in this case pursuant to the terms of the parties' contract.

[2] Texas law recognizes the equitable power of the Court to award prejudgment interest on nonliqidated contract claims.  *See, Perry Roofing Co. v. Olcott.* 744 S.W. 2d 929 (Tex. 1988); *Concord Oil Co. v. Penzoil Exploration and Production Co.* 966 S.W. 2d 451 (Tex. 1998).

### Conclusion

For the foregoing reasons, the Court recommends that: (1) Lexxus be awarded $926,750.00 in damages and $43,390.00 in attorneys' fees and expenses against Liquid Resources of Ohio plus interest at the statutory rate; (2) Lexxus's claim for prejudgment interest be denied; and (3) Lexxus's Third Party Complaint against Veolia ES Technical Solutions, LLC (Doc. # 58) be dismissed without prejudice for failure of service.

Date: April 23, 2010
                                           s/ *Nancy A. Vecchiarelli*
                                           NANCY A. VECCHIARELLI
                                           United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn*, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).**